389 F.3d 423
 In re: INTEGRATED TELECOM EXPRESS, INC. a/k/a Integrated Technology Express, Inc. a/k/a Delaware Integrated Telecom Express, Inc., Debtor
NMSBPCSLDHB, L.P., Appellant
v.
Integrated Telecom Express, Inc.; and the Official Committee of Equity Holders, et al.
 No. 04-2411.
 United States Court of Appeals, Third Circuit.
 November 23, 2004.
 
 Laura D. Jones, David W. Carickhoff, Jr., Pachulski, Stang, Ziehl, Young, Jones & Weintraub, Kevin Gross, Rosenthal, Monhait, Gross & Goddess, Wilmington, DE, Christopher J. Meade, Wilmer Cutler Pickering Hale and Dorr, New York, NY, for Appellees.
 Tobias S. Keller, Pachulski, Stang, Ziehl, Young & Jones, P.C., San Francisco, CA, Seth P. Waxman, Craig Goldblatt, Wilmer Cutler Pickering Hale & Dorr, Washington, DC, for Appellant.
 Robert K. Rasmussen, Nashville, TN, for Amicus-Appellants.
 Present: SCIRICA, Chief Judge, SLOVITER, NYGAARD, ALITO, ROTH, MCKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH, CHERTOFF, FISHER, VAN ANTWERPEN, BECKER and GREENBERG, Circuit Judges.*
 AMBRO, Circuit Judge, Dissenting to the Denial of Rehearing En Banc, joined by Judge Rendell.
 SUR PETITION FOR REHEARING
 SMITH, Judge.
 
 
 1
 The petitions for rehearing filed by appellees in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular service not having voted for rehearing, the petitions for rehearing by the panel and the Court en banc, are denied. Judge Rendell and Judge Ambro would grant the petitions for rehearing.
 
 
 
 Notes:
 
 
 *
 The votes of the Honorable Edward R. Becker and the Honorable Morton I. Greenberg, Senior United States Circuit Judges for the Third Circuit, are limited to panel rehearing
 
 
 
 2
 AMBRO, Circuit Judge, Dissenting to the Denial of Rehearing Banc, joined by Judge Rendell:
 
 
 3
 We voted for rehearing en banc not because we believe that the panel has necessarily reached the wrong result. The core effect, as we perceive it, of the panel's holding — that equity holders of a debtor may not file a chapter 11 bankruptcy petition solely "to reap [for themselves] a substantial gain through bankruptcy ... at the expense of the [debtor's] sole creditor," Op. n.4 — may pass muster with the unique facts this case presents. Our problem is this: counsel in other cases may argue the panel's opinion to go further in requiring good faith than anyone on the panel intended. We thus voted for rehearing en banc to allow the full Court to dispel this argument, for we believe the panel's opinion is limited to its snow in August facts.